## JOHNSON v. MOUNTAIN STATES TELEPHONE & TELEGRAPH CO.

No. 2913.   Decided July 25, 1916.   (159 Pac. 526.)

1. PLEADING—MOTION—JUDGMENT ON PLEADINGS—CONSTRUCTION OF ANSWER. Where plaintiff moves for judgment upon the pleadings, the answer must be construed most favorably to the defendant. (Page 340.)

2. TELEGRAPHS AND TELEPHONES—OPERATION—CONTRACT FOR SERVICE—VALIDITY OF RULE. Where defendant installed private and pay phones in plaintiff's place of business under an agreement to share with him the pay phone receipts, a rule, restricting the private phone's use to plaintiff, is reasonable, at least against its promiscuous use by others. (Page 340.)

Mandamus proceedings by H. W. Johnson against the Mountain States Telephone & Telegraph Company.

Writ denied, and proceedings dismissed.

*M. E. Wilson, J. J. Whitaker,* and *P. P. Jenson,* for plaintiff.

*Van Cott, Allison & Riter,* for defendant.

STRAUP, C. J.

We are asked by mandamus to compel the defendant to reinstate and connect an office telephone taken from the plaintiff's place of business. It is alleged that the defendant, in Salt Lake City and elsewhere, owns and operates a public telephone system, and that the plaintiff, the owner of the Metropole Bar at Salt Lake City, was for many years a patron of the defendant and had an office telephone at his place of business; that he paid all charges and tolls, and complied with all reasonable rules of the defendant, but that it, without cause or excuse, disconnected his telephone and removed it. These allegations are admitted, except plaintiff's compliance with the defendant's rules, and that the telephone was disconnected or removed without cause or excuse. The defendant

further alleged that as ₍a part of the contract of service the plaintiff had subscribed and agreed to a rule that:

"The subscriber agrees that the instrument shall be used only for the purpose of personal communication of the subscriber and his employees or immediate household, upon the subscriber's business"

—and to a rule reserving to the defendant the right to terminate the contract "for any use of the instrument contrary to the subscriber's contract," or for a violation of any of its rules and regulations. The defendant also averred that in addition to a private telephone it also, with the plaintiff's consent, installed a public pay telephone at plaintiff's place of business, in consideration of which he was to receive twenty-five per cent. of the gross receipts derived from local calls and ten per cent. from long-distance calls, and that the charges of $6.50 a month for the private telephone were based on the restricted use of that telephone as stated in the rule referred to. Then the defendant further averred that the plaintiff, in violation of his agreement and of the rule, permitted and encouraged persons other than those mentioned in the rule to use his private, instead of the public telephone, and that upon the defendant's unheeded complaint and protest of such use, the plaintiff's private telephone, upon prior notice given to desist, was disconnected and removed. Upon these pleadings the plaintiff moved for judgment.

It is not disputed that the defendant had the right to make reasonable rules and regulations concerning the use and service of its telephones. The claim made on the one hand and denied on the other is that the rule restricting the use of plaintiff's private telephone "for the purpose of **1, 2** personal communication of the subscriber and his employees or immediate household, upon the subscriber's business," is unreasonable. The plaintiff argues that such a rule forbids a mere caller or visitor at the plaintiff's residence or office from temporarily using his telephone for the convenience or accommodation of the caller or visitor, the housemaid, or even the subscriber's wife or children, from communicating with one over the telephone not upon the subscriber's business. Let it be assumed such an interpretation of the rule might ren-

der it unreasonable. But that is not this case. The plaintiff by his motion confessed all the well-pleaded and material facts most favorable to the defendant. We thus have a case where the defendant installed a telephone in the plaintiff's place of business for his private use and, with his consent, also one for the public. It is not averred with that degree of certainty as might be just whom—whether the public generally or his customers or patrons at his place of business, or only now and then a caller or visitor—the plaintiff permitted and encouraged to use his private telephone. The allegation in such respect is that the plaintiff violated the rule ''by permitting and encouraging persons other than those mentioned'' in the rule to use his private, instead of the public, telephone. That allegation the plaintiff confessed. It, in view of plaintiff's motion, must be taken most favorably and liberally to the defendant. So considering it, it in effect is alleged that, notwithstanding the defendant with the consent of the plaintiff, and, as is also alleged, upon a consideration moving to both and for the mutual benefit of both, installed at his place of business a public telephone for the use of the public, nevertheless the plaintiff permitted and encouraged the public generally, or his customers, or his patrons—whomsoever he pleased—to use his private, instead of the public, telephone. We think it was competent for the parties to contract against that, and that the rule under the pleaded circumstances forbidding it is reasonable. Certainly the plaintiff may not contract for a restricted use of the telephone and then claim the right to permit any and all persons, without restriction or hinderance whatsoever, to use it as he may designate. That, in effect, is what he claims. He acquired no such right.

Let the writ therefore be denied, and the proceedings dismissed at plaintiff's costs. Such is the order.

FRICK and McCARTY, JJ., concur.